UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

FREDERICK HEGNEY,

    Petitioner,

v().  Case No. 5:02-cv-294-Oc-10GRJ

CARLYLE I. HOLDER, etc., et al.,

    Respondents.
_____

## ORDER DENYING THE PETITION

Petitioner initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner is currently serving a 50-year sentence imposed in the United States District Court for the Southern District of Florida. In the Petition, the Petitioner challenges the computation of his sentence by the Bureau of Prisons (BOP).

## Factual and Procedural History

Petitioner was initially arrested on September 5, 1986, for violations of the Racketeering Influence Corrupt Organization statute (RICO) in the Southern District of Florida. On June 22, 1987, while in custody pursuant to the RICO charges, Petitioner was charged with being a felon in possession of a firearm. Petitioner was found guilty on the firearms charge and was sentenced to a two-year term of imprisonment on October 30, 1987.[1] Subsequently Petitioner was found guilty of the

---

[1] The Court will hereinafter refer to Petitioner's gun conviction as his "first sentence."

RICO charges and was sentenced to 50-years imprisonment on October 31, 1989.[2]

Upon his initial reception into the custody of the BOP, Petitioner was credited with 985 days of pre-custody credit on his second federal sentence.[3] However, Petitioner's subsequent transfer to the Coleman Federal Correctional Complex in 1996 prompted a re-evaluation of that calculation. During the re-evaluation, the Coleman records department determined that 419 days of pre-custody credit had been improperly awarded to Petitioner's second sentence. In making this determination, the Coleman records department determined that those days were credited to Petitioner's first sentence, and therefore, could not also be credited to his second sentence.[4] Accordingly, Petitioner's second sentence was adjusted, leaving Petitioner with 566 days of pre-custody credit.[5] That number reflects the time Petitioner spent in custody between the day he was released on his first sentence through the day on which his second sentence commenced.

Specifically, the Coleman records department determined that pursuant to 18 U.S.C. § 3568, the time period from September 5, 1986 to October 29, 1987 was credited to Petitioner's first federal sentence, thereby resulting in Petitioner's release

---

[2] The Court will hereinafter refer to Petitioner's RICO conviction as his "second sentence."

[3] Petitioner spent a total of 1150 days in custody prior to the commencement of his second federal sentence (September 5, 1986 through October 29, 1989). However, 165 of those days were spent actually serving his first federal sentence (October 30, 1987 through April 13, 1988). Therefore, Petitioner was initially credited with 985 days of pre-sentence custody credit (1150 days - 165 days = 985 days).

[4] The time between Petitioner's initial arrest on September 5, 1986 through the day before the commencement of his first federal sentence, October 29, 1987.

[5] 985 days - 419 days = 566 days.

from that sentence on April 13, 1988. Thus, that time could not also be applied to Petitioner's second sentence because doing so would result in "double counting." The only time not credited to another sentence was the time served between April 13, 1988, and the day before Petitioner's second sentence commenced. Therefore, Petitioner's second sentence was credited only with that time.

## Issue

In the Petition, the Petitioner alleges that the BOP's calculation of his pre-sentence custody credit is incorrect. Petitioner alleges that in addition to the days already credited to his second sentence, that sentence should be credited with the time spent in custody between the date of his initial arrest, through the date he was released from his first sentence. Petitioner argues that during that time, he was in federal custody in connection with the RICO offense and is entitled to credit for that time on his RICO sentence. Accordingly, Petitioner seeks 583 days of pre-sentence custody credit.

## Standard of Review

It is well established that the Bureau of Prisons is charged with the responsibility of sentence computation and other administrative matters regarding the length of a prisoner's confinement.[6] Because Petitioners' federal offense was committed before November 1, 1987, prior custody credit is therefore governed by

---

[6] United States v. Wilson, 503 U.S. 329, 335 (1992) ( "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence.").

18 U.S.C. § 3568.  Section 3568 states:

> **Effective date of sentence; credit for time in custody prior to the imposition of sentence**
>
> The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence.  The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed . . . No sentence shall prescribe any other method of computing the term.

Additionally, although not specifically noted in the statute, under § 3568, a prisoner is not entitled to "double counting."[7]

## Discussion

Upon a review of the procedural history in this case, it is clear that Petitioner is not entitled to credit on his federal sentence for the time spent in federal custody between October 30, 1987 and April 12, 1998.  During that time, Petitioner was no longer in custody "in connection" with the RICO charges.  Instead, Petitioner was actually serving his first federal sentence.  Therefore, that time has properly been credited to Petitioner's first federal sentence and cannot also be credited to his second federal sentence.  To do so would result in inappropriate "double credit."

However, technically speaking, it does appear as if Petitioner's second

---

[7] See Siegel v. United States, 436 F.2d 92, 95 (2nd Cir. 1970) (awarding credit on one sentence that was already credited to another sentence, would be "tantamount to double time."); Savage v. Henderson, 475 F.2d 78 (5th Cir. 1973) (prisoner is not entitled to an award of credit on one sentence if that time has already been awarded to another sentence); Sinito v. Kindt, 954 F.2d 467, 470 (7th Cir. 1992) (section 3568 does not mandate that a prisoner receive double credit).

sentence, rather than his first sentence, should have been awarded pre-sentence custody credit for the time between the date of his initial arrest, up to the day before Petitioner's first sentence was imposed.  Petitioner was clearly "in custody" on the RICO charges at that time.  Nonetheless, because of the order in which Petitioner's two sentences were actually imposed, at the time Petitioner's first sentence was calculated, it was impossible for the BOP to credit those days to any other sentence because there was no other sentence in existence at that time.  Thus, the BOP applied all of Petitioner's pre-sentence custody credits to his first sentence.  Then, of course, when Petitioner received his second sentence, those same credits could not also be awarded to the second sentence.[8]  Accordingly, because Petitioner has already received the full benefit of the days in question, the Petition is due to be denied.

Additionally, the Court notes that Petitioner is not entitled to the specific relief he seeks.  From the Petition, it appears that Petitioner is requesting that the pre-sentence credit be applied to <u>both</u> his first and second sentences.  As noted above, such an award is clearly impermissible as double counting.[9]  At best, Petitioner would be entitled to a recalculation of both sentences.  However, it does not appear

---

[8] See Burnett v. United States Board of Parole, 491 F.2d 966 (5th Cir. 1974) (under § 3568, a prisoner is not entitled to receive "double credit" for time which has been credited against another sentence); see also Shelvy v. Whitfield, 718 F.2d 441, 442 (D.C. Circ. 1983) ("credit for presentence time spent in custody against one or more eventual sentences continues until a defendant commences service of a sentence; but once a defendant actually commences service of a sentence, *presentence* credit ceases") (emphasis in original).

[9] Vignera v. U.S. Attorney General, 455 F.2d 637, 638 (5th Cir. 1972) (the phrase "'in connection with the [federal offense],' does not require granting of credit where the prisoner has already received full credit for that time on [another sentence] which was served prior to the federal sentence.").

as if the recalculation of Petitioner's sentence would result in any less time served.[10]

## Conclusion

For the reasons set forth in this Order, the Petition is **DENIED with prejudice**. The clerk is directed to enter judgment denying the Petition with prejudice, terminate any pending motions, and close this case.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 4th day of October 2005.

_____
UNITED STATES DISTRICT JUDGE

c: Frederick Hegney
   Counsel of Record

---

[10] See the Warden's response to Petitioner's institutional administrative remedy attached to the Petition as an exhibit. In that document, the Warden notes that Petitioner's request is moot because granting Petitioner the relief he seeks would necessarily result in the removal of that credit from his first sentence. Thus, Petitioner's release date on his first sentence would become June 7, 1989 instead of April 12, 1988. Petitioners' second sentence would then be credited with the 419 days previously awarded to the first sentence and an additional 145 days. (The time period between Petitioner's new release date of June 7, 1989, through the day before his second sentence was imposed, October 30, 1989.) Petitioners' statutory release date would therefore remain unchanged and Petitioner would not be entitled to an earlier possible release date.